THOMPSON, Judge,
dissenting.
I dissent from the majority opinion which affirms the judgment of the trial court declining to award postminority support based solely on the child’s strained relationship with the father. In determining whether to award postminority educational support, a trial court shall primarily consider the financial resources of the parents and the child and the child’s commitment to, and aptitude for, the requested education. Ex parte Bayliss, 550 So.2d 986 (Ala.1989); Amaro v. Amaro, 843 So.2d 787 (Ala.Civ.App.2002). A trial court also should consider, among other things, the child’s relationship with his parents and the noncustodial parent’s financial ability to provide the requested support. Ex parte Bayliss, supra.
In its judgment, the trial court noted the child’s strained relationship with the father as the basis for not awarding postminority support; no other reason was given for the denial of postminority support. This court has held that the lack of a relationship between a child and parent is insufficient to prevent a child from receiving postmi-nority support. Stinson v. Stinson, 729 So.2d 864 (Ala.Civ.App.1998).
Moreover, the record indicates that the mother presented sufficient evidence of the child’s commitment to, and aptitude for, college for the trial court to consider an award of postminority support. The mother testified to the child’s commitment to attend college following the completion of his obligation with the National Guard. The mother offered two cancelled checks totaling $1,155.83 to Wallace Community College for tuition and books, as well as the child’s schedule of classes, as evidence of his commitment to attend college. Although the child postponed attending college to fulfill his obligation to the National Guard, I cannot say that that alone is evidence that the child is not committed to pursuing a college education in the future. Accordingly, I dissent.